IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-CV-00621-WDM-BNB

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

JOSEPH A. FERONA JR.,
D/B/A CASTLE ROCK TRADING COMPANY, AND
D/B/A THE GLOBAL PROSPERITY FUND,

    Defendants,

CHERYL FERONA,

    Relief Defendant,

BYRAN STARNES and
LISA STARNES,

    Intervenors.

## ORDER

Miller, J.

This matter is before me on plaintiff Securities and Exchange Commission's (SEC or Plaintiff) Motion for Entry of Default Judgment against Defendant Joseph A. Ferona, Jr., individually and doing business as Castle Rock Trading Company and The Global Prosperity Fund (Joseph) and Relief Defendant Cheryl Ferona (Cheryl). The motion is supported by declarations and exhibits. Byran S. Starnes and Lisa A. Starnes (Starnes) have intervened and move "to continue order of asset freeze and to compel

plaintiff to cease and desist interference with real estate conveyance." Plaintiff initially resisted the intervention but then consented. Being sufficiently advised following review of all pleadings, papers and hearing, I make the following findings and conclusions.

### Findings of Fact

A. The SEC brought this action against Defendants for injunctive relief, disgorgement, pre- and post- judgment interest and third tier civil penalties based upon violations of § 17(a) of the Securities Act; § 10(b) of the Securities Exchange Act and Rule 10b-5; §§ 203, 204, and 206 and Rule 204-2 of the Investment Advisors Act; §§ 7(a) and 31(b) of the Investment Company Act; and § 5(c) of the Securities Act of 1933.

B. Joseph and Cheryl are pro se as any prior attorney appearance was limited or the attorney was allowed to withdraw.

C. Joseph did business as (d/b/a) Castle Rock Trading Company and Global Prosperity Fund, which are merely assumed names as there is no evidence of formation of any entity in either name.

D. Defendants and Relief Defendant have not timely responded to the amended complaint and default against them was entered by the Clerk of this Court on July 6, 2005.

E. Defendants and Relief Defendant are not infants, incompetent persons or in active military service pursuant to 50 U.S.C. § 521.

F. On March 16, 2005, Joseph and Cheryl purchased a residence, located at 12241 South Season Court, Parker, Colorado (Parker Property) with proceeds gained

as a result of the conduct alleged in the complaint.  The Parker Property is more particularly described as:

> Lot 7, Block 7, Reata North Filing No. 1, County of Douglas, State of Colorado.

G.  At the time of the purchase of the Parker Property, Joseph and Cheryl granted a deed of trust for the benefit of New Century Mortgage Corporation, securing a note from the Feronas to New Century in the amount of $493,032.

H.  By quitclaim deed, dated April 12, 2005, Joseph conveyed the Parker Property to Cheryl for no consideration.

I.  By order dated May 4, 2005, Judge Phillip S. Figa ordered a freeze on all the assets of Joseph individually and doing business as Castle Rock Trading Company and/or Global Prosperity Fund.

J.  The Starnes, victims of Defendants' acts, filed a civil complaint against Joseph and Cheryl on May 5, 2005, in Douglas County District Court and recorded a Notice of Lis Pendens on the same date describing the Parker Property.

K.  On June 3, 2005, I entered an Order of Asset Freeze and Other Relief, extending the asset freeze until October 7, 2005, and applying the freeze to Relief Defendant Cheryl.  This order was recorded in Douglas County, Colorado, on June 8, 2005.

L.  The Starnes obtained a judgment against Joseph and Cheryl in the amount of $266,192.00 on July 28, 2005, and a transcript thereof was recorded on August 18, 2005, in Douglas County, Colorado.

M.  By order dated October 5, 2005, the June 3 asset freeze was extended until October 14, 2005.

## Conclusions

Based upon the foregoing, I further find, conclude, order, adjudge and decree as follows:

1.  Because the Defendants and Relief Defendant have failed to plead or otherwise defend, they are deemed to have admitted the factual allegations in the first amended complaint to support the finding that Defendants have committed the violations as so alleged and default judgment is appropriate.  *Cessna Finance Corp v. Bielenberg Machinery*, 715 F.2d 1442 (10th Cir. 1983).

2.  Defendant Joseph A. Ferona, Jr. and his d/b/a Castle Rock Trading Company and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order and/or the Rule 54(b) Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    a.    to employ any device, scheme, or artifice to defraud;

    b.    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

      c.    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

3. Defendant Joseph A. Ferona, Jr. and his d/b/a Castle Rock Trading Company and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order and/or the Rule 54(b) Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

      a.    to employ any device, scheme, or artifice to defraud;

      b.    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

      c.    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

4. Defendant Joseph A. Ferona, Jr. and his d/b/a Castle Rock Trading Company and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order and/or the Rule 54(b) Judgment by personal service or otherwise are permanently restrained and enjoined

from violating, directly or indirectly, Sections 206 (1) and (2) of the Investment Advisers Act of 1940 [15 U.S.C. § 80b-6(1) and (2)] in connection with their business as an investment advisor, by use of the mails or means or instrumentalities of interstate commerce, directly or indirectly, have employed devices, schemes or artifices to defraud clients and prospective clients; have engaged in transactions, practices or courses of business which have operated, are operating and will operate as a fraud or deceit upon clients or prospective clients.

5.  Defendant Global Prosperity Fund and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order and/or the Rule 54(b) Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 7(a) of the Investment Company Act of 1940 [15 U.S.C. § 80a-7(a)], by directly or indirectly offering for sale, by the use of the mails and any means or instrumentality of interstate commerce, securities or any interest in a security.

6.  Defendant Joseph A. Ferona, Jr. and his d/b/a Castle Rock Trading Company and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order and/or the Rule 54(b) Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 203(a) of the Investment Advisers Act of 1940 [15 U.S.C. § 80b-3(a)] by not registering as investment advisors with the Securities and Exchange Commission and engaging in the business of advising others about investing in securities, for compensation and by use of the mails or any means or

instrumentality of interstate commerce in connection with his or its business as an investment advisor.

7.  Defendant Global Prosperity Fund and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order and/or the Rule 54(b) Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 31(b) of the Investment Company Act of 1940 [15 U.S.C. § 80a-30(b)], an issuer by holding itself out as being engaged primarily, or proposed to engage primarily, in the business of investing, reinvesting or trading securities, failing to make available all records required to be maintained and preserved for examinations by the Commission, or any member or representative thereof, as the Commission may prescribe.

8.  Defendant Joseph A. Ferona, Jr. and his d/b/a Castle Rock Trading Company and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order and/or the Rule 54(b) Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 204 and Rule 204-2 of the Investment Advisers Act [15 U.S.C. § 80b-4 and 17 C.F.R. §275.240-2 ], as investment advisors who make use of the mails or any means or instrumentality of interstate commerce in connection with his or her business as investment advisor and failing to make their books and records available for examinations by representatives of the Commission as the Commission deems necessary or appropriate in the public interest or for the

protection of investors.

9. Defendant Joseph A. Ferona, Jr. and his d/b/a Global Prosperity Fund and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order and/or the Rule 54(b) Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    a.    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    b.    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    c.    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under

Section 8 of the Securities Act [15 U.S.C. § 77h].

10.  Defendant Joseph A. Ferona, Jr. and his d/b/a Castle Rock Trading Company are liable for disgorgement of $2,301,255.69, representing profits gained as a result of the conduct alleged in the Amended Complaint, together with prejudgment interest thereon in the amount of $34,518.84, and, because Joseph's violation involved fraud, deceit and manipulation as alleged in the Amended Complaint which resulted in substantial losses, a third tier civil penalty in the amount of $100,000 pursuant to Section 20(d) of the Securities Act of 1933 [15 U.S.C. § 77t(d)] and Section 21(d) of the Securities Exchange Act of 1934 [15 U.S.C. § 78u(d)(3)] and Section 209(e) [15 U.S.C. § 80b-9(e)] of the Investment Advisers Act.

11.  Cheryl Ferona is liable for disgorgement of $191,829.63, funds she received directly from Castle Rock Trading business accounts and Ferona's personal account and including the investor funds used for deposit and down payment on a new home. Disgorgement includes any interest she has in the Parker Property.

12.  The Commission may enforce the Court's judgment for disgorgement, prejudgment interest and penalty by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after ten days following entry of this Judgment.  In response to any such civil contempt motion by the Commission, Defendants and Relief Defendant may assert any legally permissible defense. Payments under this paragraph shall be made to the Clerk of this Court, together with a cover letter identifying the Feronas as a Defendant or Relief Defendant in this action; setting forth the title and civil action number of this action and the name of this Court;

and specifying that payment is made pursuant to this Order and the Rule 54(b) Judgment.  Defendants shall Relief Defendant simultaneously transmit photocopies of each such payment and letter to the Commission's counsel in this action.  Defendants and Relief Defendant relinquish all legal and equitable right, title, and interest in such payments, and no part of the funds shall be returned to Defendant.  The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System (CRIS).  These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held by the CRIS until further order of the Court.  In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee not to exceed that authorized by the Judicial Conference of the United States.  Defendants and Relief Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

13.  The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based

on Defendants' payment of disgorgement in this action, further benefit by offset or reduction of such compensatory damages award by the amount of any part of Defendants' payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Amended Complaint in this action.

14. The Parker Property shall be sold and after payment to the beneficiary of the deed of trust, New Century, or its successor in interest, and payment to the title company for any normal and usual fees and other expenses associated with the sale of the property, the remaining monies shall be deposited into the registry of the Court until further order of the court.  The Starnes have agreed to release their lien on this property and to obtain a Certificate of Dismissal and a Certificate of Satisfaction, or equivalent documents satisfactory to the title company, from the Douglas County District Court, for the purpose of having this Court determine their right to the remaining monies from the sale of the Parker Property based upon their lis pendens and judgment filed with the Douglas County Clerk and Recorder, and agreed that the Parker Property

be sold in accordance with this Order. As such, the Starnes are not waiving any rights they might have to the remaining proceeds from the sale. Payments under this paragraph shall be made to the Clerk of this Court, together with a cover letter identifying the Feronas as a Defendant and Relief Defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Order and the Rule 54(b) Judgment. Land Title Company shall simultaneously transmit photocopies of such payment and letter to the counsel in this action. Defendants and Relief Defendant relinquish all legal and equitable right, title, and interest in such payments, and no part of the funds shall be returned to Defendants or the Relief Defendant. The Clerk shall deposit the funds into an interest-bearing account with the CRIS. These funds, together with any interest and income earned thereon (collectively, the "Parker Fund"), shall be held by the CRIS until further order of the court. Notwithstanding any other provision in this Order, no part of the proceeds from the sale of the Parker Property shall be commingled with any other asset paid to the Court registry or collected by the Trustee.

15. Christine J. Jobin, attorney at law, is appointed Trustee to take custody, control and possession of the following property, hereinafter referred to as "the Fund assets": all money and other assets contributed to or owned by the Global Prosperity Fund or Castle Rock Trading Company; all assets purchased with such money; and all proceeds, rents, interest, capital gains, and other income attributable to the use of such money and assets. This specifically includes any interest of Defendants and Relief Defendant in two Colorado residences, the Parker Property and another in Castle

Rock, a boat located at the Parker, Colorado residence registered to Castle Rock Trading Company and any funds placed in the registry of this Court. The Trustee shall take exclusive custody, possession, and control of the Fund assets wherever situated, with the powers set forth herein, and the Trustee is hereby authorized, empowered, and directed:

    a.    to marshal, conserve, hold, manage and liquidate the Fund assets with full power to take such steps as it deems necessary to secure such assets including, but not limited to, obtaining an accounting of the assets, insuring the assets, and preventing transfer, withdrawal, concealment, dissipation, or misapplication of assets;

    b.    to take exclusive control of, and to close, transfer or otherwise take possession of all accounts that contain Fund assets at any bank, brokerage firm or financial institution, wherever situated;

    c.    to investigate, institute, prosecute, defend, compromise and adjust actions in state or federal court as may, in its sole discretion, be advisable or proper to recover and protect Fund assets improperly or unlawfully held or demanded by any person, including but not limited to any person making claim to assets of the funds transferred to the Trustee by the Defendants;

    d.    to prepare and file all necessary tax returns on behalf of the Fund Entities;

    e.    to develop a plan for distribution of funds to investors in this

matter and present this plan for review by the parties and approval of the Court no later than 120 days (or such additional time as the Trustee may request) after the entry of this Order and the Rule 54(b) Judgment (such plan to initially allow for not less than twenty four (24) months to liquidate the Fund assets, or such additional time as the Trustee may request); then to make or authorize payments and disbursements from the Fund assets, to incur, or authorize the incurrence of, such expenses, and to make, or authorize the making of, such agreements as may be reasonable, necessary and advisable in discharging her duties as Trustee;

      f.    to issue or cause to be issued subpoenas and other discovery requests to obtain documents and records pertaining to the Fund assets or any other matter relevant to this action on behalf of the Fund assets;

      g.    to contact and negotiate with any of the Defendants' and Relief Defendant's creditors for the purpose of compromising or settling any claim.  To this purpose, in those instances in which the Fund assets serve as collateral to secured creditors, the Trustee may surrender such assets to secured creditors, and shall have the authority to make such surrender conditional upon the waiver of any deficiency of collateral. Furthermore, the Trustee is authorized to renew, cancel, terminate, or otherwise adjust any pending lease agreements to which any of the

Defendant Entities are a party;

  h. to make appropriate notification to the United States Postal Service to forward delivery of any mail addressed to the Defendant Entities, or any company or entity under the direction and control of any of the Defendant Entities, to any Post Office box or other mail depository, to itself.  Further, the Trustee is hereby authorized to inspect all such mail, to determine the location or identity of assets or the existence and amount of claims;

  i. to liquidate any or all securities, commodities, or other assets as the Trustee deems to be advisable or necessary and take all necessary steps to collect disgorgement, prejudgment interest and the civil penalty amounts defendants are ordered to pay in this Final Judgment after having liquidated all of the Fund assets;

  j. to open one or more bank accounts in Denver, Colorado, as designated depositories for the Fund assets, and to deposit funds into such accounts and make payments from such accounts;

  k. to maintain accurate records of all receipts and expenditures made by the Trustee;

  l. to engage and employ attorneys, accountants and other persons in its discretion to assist it in carrying out duties and responsibilities hereunder; and

  m. to convey and liquidate the real property located at 12241

South Season Court, Parker, Colorado, which is described as: Lot 7, Block 7, Reata North Filing No. 1, County of Douglas, State of Colorado.

16. The Trustee is hereby indemnified and held harmless for any judgments, costs, or expenses suffered or incurred by her or any of her agents or attorneys as a result of actions instituted against her or them in relation to the discharge of their duties aforesaid or in carrying out or furtherance of this Order, unless this Court determines that such indemnity shall be inequitable.

17. The Order of Asset Freeze and Other Relief is further extended until December 16, 2005.

18. The motion for default judgment, filed July 15, 2005, is granted.

19. The motion for order, filed April 27, 2005, is denied as moot.

20. This Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Order and the Rule 54(b) Judgment and determining the priority and interests in the Parker Property between Plaintiff and the Starnes.

21. Upon consideration of the circumstances of this case, I have determined that this order is a final disposition of Plaintiff's claims against Defendants and Relief Defendant. The only issue remaining to be decided is the priority of Plaintiff and the Starnes with respect to the proceeds of the Parker Property, a determination that has no bearing on the Plaintiff's right to proceed against the other assets and to attempt to locate and compensate the victims of Defendants' actions. I also find there is no just reason to delay entry of the judgment or of any resulting review of this order. Because the remaining issue is unrelated to Plaintiff's claims against Defendants and Relief

Defendant, any subsequent appeal of the priority issue will not require the Tenth Circuit to resolve the same issues more than once. Accordingly, pursuant to Fed. R. Civ. P. 54(b), the Clerk of the Court is ordered to enter and certify a Rule 54(b) Final Judgment in accordance with this Order forthwith and without further notice.

DATED at Denver, Colorado, on October 13, 2005.

BY THE COURT:

/s/ Walker D. Miller
United States District Judge