IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 05-cv-00621-WDM-BNB

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

JOSEPH A. FERONA JR.,
D/B/A CASTLE ROCK TRADING COMPANY, AND
D/B/A THE GLOBAL PROSPERITY FUND,

    Defendants,

CHERYL FERONA,

    Relief Defendant,

BYRAN STARNES and
LISA STARNES,

    Intervenors.

## ORDER ON TRUSTEE'S PROPOSED PLAN REGARDING DISTRIBUTION

Miller, J.

    This matter is before me on the Trustee's Proposed Plan Regarding Distribution and Administration (doc no 92). In it, Trustee provides an accounting of the assets of estate and proposes a distribution plan for the defrauded investors of Defendant Joseph A. Ferona and his business entities. I note that there has been no objection by the Intervenors and the Securities and Exchange Commission (SEC) does not oppose the Trustee's proposed plan. I will accept the Trustee's proposal with one modification.

    Trustee explains that the liquidated assets of the estate consist of funds on

deposit at Liberty Savings Bank (the "General Account") and funds on deposit with the Clerk of this Court (the "Court Account"). The Court Account contains the proceeds from the sale of real property in Parker, Colorado, described as 12241 South Season Court (the "Parker Property."). Trustee proposes certain transfers and deductions from each account. Trustee also proposes dividing the defrauded investors into three classes and notifying the investors in writing of her intended treatment of their respective claims. The investors will have an opportunity to respond before the final determination of the claim.

With respect to expenses and deductions, Trustee's recommendation that the Court Account be reduced by $2,110.98, plus interest, to reimburse the General Account for costs incurred to preserve and sell the property is fair and reasonable. Trustee also seeks 26.9 hours in reimbursement from the Court Account for efforts expended in connection with the Parker Property. I agree that Trustee should be reimbursed from the Court Account for time spent on maintaining, marketing, and selling the Parker Property. However, I disagree that the Court Account should be reduced by the cost of her preparing and filing her response to the Intervenors' Motion to Determine Priority (of the Parker Property proceeds). The proceeds of the Court Account, less expenses, will be distributed to the Intervenors. Given that Trustee and the SEC were not the prevailing parties on the Motion to Determine Priority, I see no reason for the Intervenors to essentially bear the cost of Trustee's opposition to their motion. Accordingly, Trustee is directed to resubmit her request for fees to be deducted from the Court Account to exclude hours spent on preparing and filing her response to the Motion to Determine Priority. These and the remaining hours incurred in administering

2

the estate will be deducted from General Account.  I appreciate Trustee's reducing her hourly rate for the benefit of the estate.

Accordingly, it is ordered:

1. Trustee's Proposed Plan Regarding Distribution and Administration (doc no 92) is approved with the exception of the fees incurred for the Trustee's preparation and filing of her response to the Motion to Determine Priority, which shall be deducted from the General Account and not the Court Account.

2. Trustee shall complete the notice and claim process as she has proposed on or before March 31, 2009.

3. $2,110.98, plus interest, shall be transferred from the Court Account to the General Account to cover the costs of maintaining and selling the Parker Property.  After Trustee has deducted her fees from the Court Account for time spent on maintaining, marketing, and selling the Parker Property, the remaining proceeds of the Court Account promptly shall be paid to Intervenors and the Court Account shall be closed.

DATED at Denver, Colorado, on January 27, 2009.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge